IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSE SANTIAGO, | § | |
| | § | No. 538, 2013 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1302000803 |
| Plaintiff Below, | § | 1209009276 |
| Appellee. | § | |

Submitted: August 22, 2014
Decided: November 12, 2014

Before **HOLLAND, RIDGELY and VALIHURA**, Justices.

## O R D E R

This 12th day of November 2014, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)  On April 2, 2013, the appellant, Jose Santiago, pled guilty to Burglary in the Second Degree in Cr. ID No. 1209009276 (hereinafter "the Burglary 2nd Degree case") and in return the State entered a *nolle prosequi* on three other charges in the indictment. As part of the plea agreement, Santiago agreed that he was eligible to be sentenced as a habitual offender under title 11, section 4214(a) of the Delaware Code (hereinafter "section 4214(a)"), because of a Florida conviction in 2000 and two prior New Jersey

convictions, including a burglary conviction on January 5, 2012. The State also indicated its intent to seek habitual offender sentencing to include eight years at Level V imprisonment.

(2)    On July 8, 2013, Santiago pled guilty to Theft of a Motor Vehicle in Cr. ID No. 1302000803 ("the Theft MV case") and in return the State entered a *nolle prosequi* on a charge of Receiving Stolen Property. Again, as part of the plea agreement, Santiago agreed that he was eligible for habitual offender sentencing. This time, however, the State indicated that it would not pursue habitual offender sentencing or Level V incarceration.

(3)    On September 20, 2013, following a presentence investigation, Santiago was sentenced in both the Burglary 2nd Degree case and the Theft MV case. In the Burglary 2nd Degree case, the Superior Court declared Santiago a habitual offender under section 4214(a) and sentenced him to a total of eight years at Level V with credit for time previously served. In the Theft MV case, the Superior Court sentenced Santiago to two years at Level V suspended for one year of Level III probation. This is Santiago's direct appeal.

(4)    On appeal, Santiago's defense counsel has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Santiago's counsel asserts that, based upon a complete and careful

examination of the record, there are no arguably appealable issues. Santiago, through his counsel, has submitted one point for the Court's consideration. The State has responded to Santiago's point and has moved to affirm the Superior Court judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[1] The Court must also conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(6) On appeal, Santiago contends that the documentation the State presented regarding his prior New Jersey burglary conviction was insufficient to declare him a habitual offender under section 4214(a). Santiago's claim is without merit. When pleading guilty in the Burglary 2nd Degree case, Santiago agreed that he had a prior New Jersey conviction for burglary that qualified him as a habitual offender. Santiago did not dispute the State's habitual offender petition and, when given the opportunity to address the court, Santiago stated that he had nothing to add. Santiago is

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486\ U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Id.*

bound by his written plea agreement, and by his statements and those of his counsel, that he was eligible for sentencing as a habitual offender.[3]

(7)    The Court has reviewed the record carefully and has concluded that Santiago's appeal is wholly without merit and devoid of any arguably appealable issue.  We are satisfied that Santiago's defense counsel made a conscientious effort to examine the record and the law and properly determined that Santiago could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[3] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).